UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JOYCE EVANS as independent administrator of the Estate of Davion Owens, <br><br> Plaintiff, <br><br> v. <br><br> THOMAS DART, Sheriff of Cook County, et al., <br><br> Defendants. | No. 22-cv-222 <br><br> Judge Marvin E. Aspen |

**MEMORANDUM OPINION AND ORDER**

MARVIN E. ASPEN, District Judge:

Defendants Thomas Dart and Robert Mulac move to strike or dismiss Plaintiff Joyce Evans's Third Amended Complaint. (Defendants' Motion to Strike and/or Dismiss Plaintiff's Third Amended Complaint With Prejudice and to Stay Responsive Pleading Deadline ("Mot.") (Dkt. No. 70).)[1] For the following reasons, we grant the motion.

**BACKGROUND**

Evans is the independent administrator of the estate of her deceased son, Davion Owens. (Second Amended Complaint ("SAC") (Dkt. No. 63) ¶ 3.) As alleged in this lawsuit, Owens committed suicide on March 3, 2021, while he was a pretrial detainee at the Cook County Department of Corrections. (*Id.* ¶¶ 4, 18.) On January 13, 2022, Evans filed suit against Cermak Health Services of Cook County, Cook County, Dart, Mulac, "Sergeant Vega," "Dr. Khan," an unknown correctional officer, and an unknown doctor. (*See generally* Complaint (Dkt. No. 1).) In her Complaint, Evans alleged that the defendants violated Owens's constitutional rights by

---

[1] We stayed the responsive pleading deadline in a separate minute entry. (Dkt. No. 72.)

being deliberately indifferent to his mental health needs, which resulted in his suicide. (*Id.*, Counts 1–6.)

Cook County, Dart, Mulac, and Vega moved to dismiss Evans's Complaint.[2] (Dkt. Nos. 29, 32.) We dismissed Evans's claims against Cook County, Dart, and Vega but gave her an opportunity to file an amended complaint. (Dkt. No. 42 at 14.) She did so on September 23, 2022. (First Amended Complaint ("FAC") (Dkt. No. 45).) The First Amended Complaint identified Cook County, Dart, Mulac, and Dr. Khan as defendants. (*Id.* at 1–2.) The defendants answered the First Amended Complaint. (Dkt. Nos. 48, 49.)

On March 2, 2023, Evans moved for leave to file a Second Amended Complaint instanter. (Dkt. No. 61.) The proposed Second Amended Complaint added three individuals as defendants—Ahleah Balawender, Officer Perez, and Officer Howe—and allegations regarding these individuals. (*Compare id.* at 4–10, *with* FAC.) We granted Evans's motion. (Dkt. No. 62.) At noon on March 3, Evans filed her Second Amended Complaint as a separate docket entry. (Second Amended Complaint ("SAC") (Dkt. No. 63).) Approximately three-and-a-half hours later, Evans filed a Third Amended Complaint. (Third Amended Complaint ("TAC") (Dkt. No. 65).) The Third Amended Complaint adds two individual defendants—Officers Krzeminski and Hannah—who were not named in the Second Amended Complaint and allegations regarding these individuals. (*Compare* TAC, *with* SAC.) Evans did not obtain our leave or the defendants' consent to file the Third Amended Complaint.

## ANALYSIS

Federal Rule of Civil Procedure 15(a), which addresses amendments of pleadings before trial, governs our analysis. It states in relevant part:

---

[2] We dismissed Cermak Health Services of Cook County from the case pursuant to the parties' stipulation. (Dkt. No. 23.) Dr. Khan answered the Complaint. (Dkt. No. 31.)

> **(1)** *Amending as a Matter of Course.* A party may amend its pleading once as a matter of course within:
>
>> **(A)** 21 days after serving it, or
>>
>> **(B)** if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.
>
> **(2)** *Other Amendments.* In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

Fed. R. Civ. P. 15(a)(1)–(2). Based on the plain meaning of this text,[3] Evans can amend her complaint pursuant to either Rule 15(a)(1), which permits one amendment "as a matter of course" if made within certain timeframes, or Rule 15(a)(2), which governs amendment "[i]n all other cases." *Id.*

The parties dispute which provision applies. Dart and Mulac say that Rule 15(a)(2) does, and that we should strike or dismiss the Third Amended Complaint with prejudice because Evans did not obtain the defendants' consent or the Court's leave to file the pleading, as required by Rule 15(a)(2). (Mot. at 2–4.) Evans counters that she properly filed the Third Amended Complaint pursuant to Rule 15(a)(1)(A). (Plaintiff's Response in Opposition to Defendants' Motion to Strike or Dismiss Third Amended Complaint ("Opp'n") (Dkt. No. 73) at 1.) According to Evans, because we gave her permission to file both of her prior amended complaints, the Third Amended Complaint counts as the one amendment she can make as a matter of course. (*Id.* at 1–2.) And by filing this pleading a few hours after she served the Second Amended Complaint, Evans continues, she did so within the 21-day window set forth in

---

[3] Courts must "give the Federal Rules of Civil Procedure their plain meaning[.]" *Pavelic & LeFlore v. Marvel Ent. Grp.*, 493 U.S. 120, 123 (1989).

Rule 15(a)(1)(A). (*Id.* at 2.) Dart and Mulac reply that the Third Amended Complaint could not have been filed as a matter of course because Evans used her chance to make such an amendment when she filed her First Amended Complaint. (Defendants' Reply in Support of Their Motion to Strike and/or Dismiss Plaintiff's Third Amended Complaint With Prejudice ("Reply") (Dkt. No. 74) at 2–3.) Dart and Mulac further contend that their answers to Evans's First Amended Complaint terminated her right to amend without first obtaining leave of court or their consent. (*Id.* at 3.)

We first reject Evans's contention that Rule 15(a)(1)(A) allowed her to file the Third Amended Complaint. We read Rule 15(a)(1) as setting forth two mutually exclusive timeframes for amendment. *Savignac v. Jones Day*, 341 F.R.D. 120, 122 (D.D.C. 2022). The timeframe set forth in Rule 15(a)(1)(B) applies "*if* the pleading is one to which a responsive pleading is required." Fed. R. Civ. P. 15(a)(1)(B) (emphasis added); *see Savignac*, 341 F.R.D. at 122; 3 *Moore's Federal Practice* § 15.12[1] (3d ed. 2023); 1 Steven S. Gensler & Lumen N. Mulligan, Federal Rules of Civil Procedure, Rules and Commentary r.15 (Feb. 2023 update) [hereinafter *Rule 15 Commentary*] (discussion regarding "Period to amend the *complaint* once as a matter of course"). If the pleading does *not* require a responsive pleading, the timeframe set forth in Rule 15(a)(1)(A) applies. *Savignac*, 341 F.R.D. at 122; 3 *Moore's Federal Practice* § 15.11; *Rule 15 Commentary* (discussion regarding "Period to amend the *answer* once as a matter of course"). The pleading at issue here is an amended complaint, which requires a responsive pleading. *Savignac*, 341 F.R.D. at 122. Thus, Evans must rely upon Rule 15(a)(1)(B), not Rule 15(a)(1)(A), to justify filing the Third Amended Complaint without the defendants' consent or judicial leave. *See id.*; *see also Tate v. SCR Med. Transp.*, 809 F.3d 343, 346 (7th Cir. 2015) (identifying the time period set forth in Rule 15(a)(1)(B) as the period

4

"during which a plaintiff may file an amended complaint without the court's approval"); *Swanigan v. City of Chicago*, 775 F.3d 953, 963 (7th Cir. 2015) (applying Rule 15(a)(1)(B) where the pleading at issue was a complaint).

The next question is whether the Third Amended Complaint was proper under Rule 15(a)(1)(B). This provision allows a plaintiff to amend her complaint once "as a matter of course within . . . 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1)(B).

As an initial matter, we do not agree with Dart and Mulac that Evans used her one chance to amend as a matter of course under Rule 15(a)(1)(B) when she filed her First Amended Complaint. (Reply at 2–3.) Because Evans filed the First Amended Complaint after we expressly gave her the opportunity to do so (Dkt. No. 42 at 14), she filed it with "the court's leave" in compliance with Rule 15(a)(2). So too with the Second Amended Complaint. (*See* Dkt. No. 62 (granting Evans's motion for leave to file second amended complaint instanter).) Evans filed both the first and second amended complaints with our permission pursuant to Rule 15(a)(2), so these filings did not exhaust her ability to amend her complaint once as a matter of course under Rule 15(a)(1)(B). *E.g.*, *Ramirez v. Cnty. of San Bernardino*, 806 F.3d 1002, 1006–08 (9th Cir. 2015); *Gilman & Bedigian, LLC v. Sackett*, 337 F.R.D. 113, 115–16 (D. Md. 2020).

Still, Evans was required to timely file the Third Amended Complaint to comply with Rule 15(a)(1)(B). *See Ramirez*, 806 F.3d at 1007 (a plaintiff can use "his one matter of course amendment under [Rule] 15(a)(1)" after filing a Rule 15(a)(2) amendment so long as he timely files the Rule 15(a)(1) amendment); *Gilman & Bedigian*, 337 F.R.D. at 116 (same). As already noted, Rule 15(a)(1)(B) requires the plaintiff to amend its pleading "21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever

5

is earlier." "At first glance," this language "arguably embraces two possible interpretations." *Savignac*, 341 F.R.D. at 123. Pursuant to the first interpretation, "the clock to amend begins upon the filing of the original complaint and continues through the date of the first responsive pleading or Rule 12 motion to be filed, after which the plaintiff has 21 days to amend as of course." *Id.* At the end of this 21-day period, however, "the right to amend as a matter of course expires once and for all." *Id.* Under the second interpretation, Rule 15(a)(1)(B) "create[s] a right to amend as of course that revives with each new version of the complaint, so long as the plaintiff has not previously exercised her right to amend as of course." *Id.* District courts have applied both interpretations. *Compare, e.g.*, *id.* at 123, 127 (applying the first interpretation), *with Dragonas v. Macerich*, No. CV-20-01648-PHX-MTL, 2021 WL 1139847, at *1 (D. Ariz. Mar. 25, 2021) (effectively applying the second interpretation); *see Rule 15 Commentary* (noting that courts are split "on whether Rule 15(a)(1)(B) grants a new 21-day clock each time an amended complaint is answered until the one 'as of right' amendment is used"). The parties have not cited, and we are unaware of, any binding precedent interpreting Rule 15(a)(1)(B)'s timing requirement.

We agree with the *Savignac* court's thorough analysis of the issue, *see* 341 F.R.D. at 123–27, and conclude that the first interpretation, where the right to amend as a matter of course expires after the first responsive pleading or Rule 12(b), (e), or (f) motion is filed, "best harmonizes the text, structure, and purpose of Rule 15(a)." *Id.* at 123; *see also Rule 15 Commentary* (noting that this is "[t]he better interpretation of the rule" and "better comports with the overall scheme of Rule 15(a)"). In contrast, the second interpretation "would permit a plaintiff to circumvent" the safeguarding function of Rule 15(a)(2), which requires consent or judicial leave for most amendments, "to the point of absurdity." *Savignac*, 341 F.R.D. at 124.

6

For example, a plaintiff could seek leave or consent to file a noncontroversial amendment and then "use her one amendment as a matter of course to make any and all amendments she saw fit—even those she feared would not receive prior approval under Rule 15(a)(2)." *Id.*; *see also Rule 15 Commentary* (noting that the first interpretation "avoids the risk that a plaintiff might obtain leave to make an innocuous amendment only to use it as a platform to quickly file an 'as of right' second amended pleading that includes sweeping changes that the court would have denied had leave been sought"). Moreover, Evans does not provide us with any basis to adopt the second interpretation. (*See generally* Opp'n.) Accordingly, Evans's right to amend as a matter of course expired 21 days after service of the first responsive pleading or Rule 12(b), (e), or (f) motion, whichever was earlier. *See* 3 *Moore's Federal Practice* § 15.12[3] (explaining that there is "only one, single 21-day period available for amending 'as a matter of course[,]'" which begins running when the earliest responsive pleading or Rule 12(b), (e), or (f) motion is served).

Based on this interpretation, Evans did not timely file the Third Amended Complaint under Rule 15(a)(1)(B). The first responsive pleading or Rule 12(b), (e), or (f) motion was filed and served on April 27, 2022, when Dart, Mulac, and Vega moved to dismiss Evans's Complaint under Rule 12(b)(6). (Dkt. No. 29.) This triggered Evans's 21-day window for filing as a matter of course, which expired on May 18, 2022. Evans's Third Amended Complaint, filed on March 2, 2023, came almost 10 months too late.

In sum, neither Rule 15(a)(1)(A) nor Rule 15(a)(1)(B) justifies the filing of Evans's Third Amended Complaint. And without the benefit of Rule 15(a)(1), Evans had to either obtain the defendants' consent or leave of court under Rule 15(a)(2) before filing the Third Amended Complaint. She did neither. Even in the face of the pending motion to strike, Evans does not seek leave to amend under Rule 15(a)(2) (*see generally* Opp'n), and we are not obligated to

allow an amendment that the plaintiff does not request. *See Chaidez v. Ford Motor Co.*, 937 F.3d 998, 1008 (7th Cir. 2019) ("A district court does not abuse its discretion by failing to order, *sua sponte*, an amendment to [the complaint] that [the plaintiff] never requested." (quotation marks omitted)). We therefore grant Dart and Mulac's motion to strike. *See Jones v. United Airlines*, No. 11 C 6374, 2012 WL 6216741, at *9 (N.D. Ill. Dec. 13, 2012) (striking amended complaint that the plaintiff filed without asking leave of court).

## CONCLUSION

For the reasons set forth above, we grant Dart and Mulac's motion to strike (Dkt. No. 70). We strike Evans's Third Amended Complaint (Dkt. No. 65). The case will proceed on Evans's Second Amended Complaint (Dkt. No. 63). Defendants shall have until June 2, 2023, to answer or otherwise respond to the Second Amended Complaint. It is so ordered.

										_____
										Marvin E. Aspen
										United States District Judge

Dated: May 19, 2023